UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
DOVI LOWENBEIN

                      Plaintiff,

-against-

FINANCIAL RECOVERY SERVICES, INC.

                      Defendant.
-------------------------------------------------------

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 26 2011 ★
LONG ISLAND OFFICE

CV 11 3598
GLEESON, J
GOLD, M.

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Dovi Lowenbein seeks redress for the illegal practices of Financial Recovery Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, presently owed to the defendant.

4. Upon information and belief, defendant is a Minnesota corporation with a principal place of business is located in Edina, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Dovi Lowenbein*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly and originally owed to Bank of America incurred for personal purposes dated September 9, 2010.

11. Said letter states in part: "As of the date of this letter, you owe $25847.01. Interest, late charges, and other charges may or may not be applicable to this account. If some or all of these are applicable to your account, they may vary from day to day and thus the amount due on the day you pay may be greater."

12. Said language fails to inform the plaintiff whether the balance due listed is the actual amount of the debt due.

13. Said language fails to inform the consumer as to whether the debt will increase.

14. Said language fails to inform the plaintiff what other charges may apply.

2

15. Said language fails to inform the consumer that if other charges are applied, what the amount of those extra charges will be.

16. Said language can be read in one of two ways, one of which is false.

17. The defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g for failing accurately set forth the amount of the debt and for engaging in deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

18. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if set forth fully in this Count.

19. This cause of action is brought on behalf of plaintiff and the members of a class.

20. The Class consists of consumers who received the same form letter, as did the plaintiff.

21. The First Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about September 9, 2010 (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692g and 1692e(10) by engaging in deceptive practices.

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

3

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by representing that consumer had entered into a payment plan when they had not.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

23. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications

resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

26. The defendant's use of certain language in the collection letter violates the Fair Debt Collection Practices Act.

27. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 25, 2011

_____
Adam J. Fishbein  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein

DEPT 813   1576642010097
PO BOX 4115
CONCORD CA 94524


**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 385908
Minneapolis, MN 55438-5908
1-888-411-4672

Return Service Requested

September 9, 2010

BUX208
DOVI LOWENBEIN
662 EASTERN PKWY
BROOKLYN NY 11213-3311

CLIENT: CACH LLC
CURRENT CREDITOR: CACH LLC
REGARDING: BANK OF AMERICA, N.A.
ACCOUNT NUMBER:
BALANCE: $25847.01

## ******INITIAL NOTIFICATION******

THE ACCOUNT(S) LISTED ABOVE HAVE BEEN ASSIGNED TO THIS AGENCY FOR COLLECTION. WE ARE A PROFESSIONAL COLLECTION AGENCY ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED AS A BASIS TO ENFORCE COLLECTION OF THIS DEBT.

AS OF THE DATE OF THIS LETTER, YOU OWE $25847.01. INTEREST, LATE CHARGES, AND OTHER CHARGES MAY OR MAY NOT BE APPLICABLE TO THIS ACCOUNT. IF SOME OR ALL OF THESE ARE APPLICABLE TO YOUR ACCOUNT, THEY MAY VARY FROM DAY TO DAY AND THUS THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE, AN ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU BEFORE DEPOSITING THE CHECK FOR COLLECTION. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-888-411-4672.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS OF RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS COMMUNICATION IS FROM A DEBT COLLECTION AGENCY LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

SINCERELY,

PHILLIP LARSON
ACCOUNT MANAGER
TOLL FREE: 1-888-411-4672

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

***DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT***

NOTE: ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

AMOUNT ENCLOSED: _____

HOME PHONE: _____

WORK PHONE: _____

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN 55438-5908

TOTAL BALANCE DUE: $25847.01

FRS File#: BUX208

TOLL FREE: 1-888-411-4672

DOVI LOWENBEIN
662 EASTERN PKWY
BROOKLYN NY 11213-3311

FRS013-0909-81046956 347

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

## ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

### NOTICE OF IMPORTANT RIGHTS:

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT, BETWEEN THE HOURS OF 8 A.M. AND 5 P.M. CST, AT THE NUMBER LISTED ON THE FRONT OF THIS NOTICE. MASSACHUSETTS RESIDENT OFFICE ADDRESS IS: 5230 WASHINGTON ST, WEST ROXBURY, MA 02132 WITH OFFICE HOURS: M-TH 10AM-3PM.

## ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

## ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

North Carolina Department of Insurance permit number: 3917.

## ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

## ADDITIONAL INFORMATION FOR WISCONSIN RESIDENTS

This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. Please call (866) 438-2860 with your criticisms, complaints, suggestions and compliments. To discuss the account, please call the number on the front of this letter. For your convenience, we do accept VISA and MASTERCARD payment and electronic checks over the telephone. There may also be a $15.00 charge assessed for checks returned to us for insufficient funds.